IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ARLAN B. CLINESMITH,            )
                                )
            Petitioner,          )
                                )
                                )        CIV-13-90-F
v.                              )
                                )
TERRY MARTIN, Warden,           )
                                )
            Respondent.          )


REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the conviction and

sentence for Possession of Controlled Dangerous Substance after two or more prior felony

convictions entered in the District Court of Beckham County, Case No. CF-2009-385

following his guilty plea and termination from a drug court program.  Respondent has

responded to the Petition and filed the relevant state court records, and Petitioner has filed

a Reply. The matter has been referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is

recommended that the Petition be denied.

I. Background

In the District Court of Beckham County, Case No. CF-2009-385, Petitioner appeared

with his attorney on March 5, 2010, and entered a plea of guilty to one count of Possession of Controlled Dangerous Substance after two or more prior felony convictions. In exchange for Petitioner's plea, the prosecution dismissed two additional counts of Possession of Controlled Dangerous Substance. Response, Ex. 1. Petitioner admitted during the plea hearing that on November 9, 2009, he had methamphetamine in his possession in Beckham County. Id. Upon the entry of the plea, and pursuant to a plea agreement, Petitioner was not sentenced and he was diverted to participate in the Beckham County Drug Court Program. See Okla. Stat. tit. 22, § 471-471.11 (Oklahoma Drug Court Act).

The plea agreement between Petitioner and the State of Oklahoma provided that Petitioner would enter a guilty plea and be diverted to the Beckham County Drug Court Program. Response, Ex. , at 11-12. If he successfully completed the Beckham County Drug Court Program, he would be sentenced to a 20-year term of imprisonment in the custody of the Oklahoma Department of Corrections with all of the sentence suspended, a $500.00 fine and applicable court costs. Should he fail to successfully complete the Drug Court Program, the agreement provided that Petitioner would be sentenced to a 20-year term of imprisonment with none of the sentence suspended, a $500 fine, and applicable court costs.

Shortly thereafter, the prosecution filed an application seeking Petitioner's termination from the Drug Court Program. According to Petitioner's Brief of Appellant filed in the appeal, the prosecution filed an initial application to terminate Petitioner's drug court

participation on April 14, 2010.[1] Response (Doc. # 18), Ex. 2, at 2-4 (ECF 5-7). The initial application was based on a new criminal charge filed against Petitioner in the District Court of Beckham County. In a second amended application, the State alleged that Petitioner had been charged with two new offenses in Beckham County District Court. The State filed a fourth amended application to terminate Petitioner's drug court participation on June 30, 2010. This application was based on several allegations of noncompliance with the requirements of the Drug Court Program, including Petitioner's "refus[al] to give a urine sample and directed profane language to a jailer and the drug court coordinator while [detained] on June 25, 2010, well after the State had begun termination proceedings on April 14," Petitioner had "missed urinalyses" testing on nine dates between April 19 and May 11, 2010, Petitioner "missed court" on April 26, 2010, and Petitioner "failed to turn in AA sheets" on three dates. Id. at 5 (ECF 7).

On June 30, 2010, a district judge in Beckham County District Court entered a court minute in Petitioner's criminal case reflecting that a hearing had been conducted on the prosecution's application to terminate Petitioner from the Drug Court Program, that the court had found Petitioner should be terminated from the Drug Court Program, and that Petitioner was sentenced consistent with his plea agreement to twenty years of imprisonment in the custody of the Oklahoma Department of Corrections and a fine and that counts two and three were dismissed with costs. Response, Ex. 1, at 13. Respondent has attached to the Response

---

[1]Neither party has filed a copy of the application.

portions of the termination hearing transcript deemed relevant to this proceeding. Response, Ex. 8.

In his appeal from the drug court termination decision, Petitioner asserted that the trial court abused its discretion by terminating him from the Drug Court Program without first ordering him to inpatient treatment for his drug addiction. Petitioner also stated in his appeal brief that he had been sanctioned repeatedly by the presiding drug court judge, beginning on the first day of his drug court participation, with varying jail detentions, for violating drug court rules. Id. at 6-10 (ECF 9-13).

On May 12, 2011, the Oklahoma Court of Criminal Appeals ("OCCA") issued a summary opinion in Petitioner's appeal affirming the termination decision. Response, Ex. 4. In its decision, the OCCA found that Petitioner "was sanctioned numerous times during his first month in the [Drug Court] Program including five different sanctions imposing jail time. He was subsequently charged with three new [criminal] offenses. After the new charges were filed, [Petitioner] admitted that he missed his next ten [urinalysis testing] appointments." Id. at 2. Considering Oklahoma's statutory provision with respect to drug court termination decisions, Okla. Stat. tit. 22, § 471.7, and the OCCA's previous finding that drug court termination decisions are discretionary, the OCCA found that Petitioner had not shown an abuse of the district court's discretion. Id.

On June 24, 2011, Petitioner filed an application in the district court for post-conviction relief. In his application, Petitioner asserted that his guilty plea was invalid because when he entered the plea he did not "think he would not get the help needed or the

benefits of the Drug Court Program as stated in" Okla. Stat. tit. 22, § 471.6. Response, Ex. 5, at 2.

As a second ground for post-conviction relief, Petitioner asserted that he had been denied effective assistance of counsel in the drug court termination proceeding because his attorney did not assert that Petitioner should have been given "increasingly progressive sanctions" prior to the termination decision and did not "mention the available disciplinary sanctions or why [Petitioner] did not receive any sanctions including 'Inpatient Drug Program' to gain compliance" prior to the termination decision. Id. at 4. Petitioner also argued that his attorney was ineffective at the termination hearing because he did not assert that under Oklahoma law an offender cannot be terminated from a drug court program if the offender has less than six months of active participation in a drug court program.

In his third and final ground for post-conviction relief, Petitioner asserted that his due process rights were violated because the district court did not specify why previous disciplinary sanctions had been insufficient or why other disciplinary sanctions would not be appropriate. Furthermore, Petitioner argued that he was denied due process because the State's application to terminate Petitioner from the Drug Court Program relied on conduct that occurred after the application was filed in the district court and therefore did not clearly notify Petitioner of the grounds on which the termination was being sought.

The district court denied the application on procedural default grounds. Response, Ex. 6. The OCCA affirmed the denial of post-conviction relief. Response, Ex. 7. In its decision, the OCCA found that Petitioner's claim of an involuntary plea was procedurally barred

because the claim had not been raised in Petitioner's appeal.

The OCCA found that Petitioner's claim of trial court errors in terminating him from the Drug Court Program had been raised in his direct appeal and the claim was therefore barred from judicial review by the doctrine of *res judicata.*

Finally, the OCCA considered the merits of Petitioner's Sixth Amendment ineffective assistance claim. Applying the two-part test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the court noted that it had previously found the termination decision was not the result of an abuse of discretion and repeated its previous findings made in the direct appeal concerning the record of Petitioner's repeated noncompliance with drug court requirements. The court concluded that Petitioner had not shown his counsel's performance was deficient or that any errors by his counsel prejudiced his defense.

II. <u>Petitioner's Claims</u>

In ground one of the Petition, Petitioner asserts, as he did in his post-conviction proceeding, that his plea was invalid because he "[d]id not know that Drug Court would not follow statues [sic] or guidelines for Drug Court Program." Petition, at 6. Petitioner contends that he raised this claim in his post-conviction proceeding, and it is therefore assumed that Petitioner is asserting the same claim of an involuntary and unknowing plea that he asserted in his post-conviction appeal.

In ground two, Petitioner contends that he was denied effective assistance of counsel in the drug court termination proceeding because "[m]y attorney did not know the statues [sic] of Drug Court Program and did not know that the Court was in violation of them." <u>Id.</u>

6

at 7. Petitioner states that he raised this claim in his post-conviction application, and it is assumed that Petitioner is asserting the same Sixth Amendment claim he raised in his post-conviction proceeding.

In ground three, Petitioner asserts that he was denied due process because "[t]he judge may not terminate a defendant from the program without a finding that progressively increase [sic] disciplinary sanctions have been insufficient to gain compliance" and because "other progressively severe sanctions, such as listed in the Drug Court Act, were still available." Id. at 8, 15. Further, Petitioner alleges that he was denied due process because the State's application to terminate was based on conduct that occurred after the State filed its application. Petitioner raised this claim in his appeal of the district court's termination decision.

## III. Statute of Limitations

Respondent contends that review of Petitioner's challenge to the voluntariness of his guilty plea is barred pursuant to 28 U.S.C. § 2244(d).[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28

---

[2]Respondent does not address the overarching issue of whether § 2244(d)(1)'s limitation provision can be applied to one or more but less than all of a Petitioner's habeas claims. In Prendergast v. Clements, 699 F.3d 1182 (10th Cir. 2012), the Tenth Circuit rejected a habeas litigant's assertion that § 2244(d)(1) cannot be applied on a claim-by-claim basis, reasoning that an opposite interpretation "creates a perverse incentive for potential habeas petitioners with otherwise time-barred constitutional claims to violate the terms of their sentence" in order to "resuscitate the time-barred claims." Id. at 1187. Based on Prendergast, the undersigned finds that § 2244(d)(1)'s limitation provision may be applied on a claim-by-claim basis.

U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Although Petitioner appealed his plea-based conviction, Petitioner did not assert in the appeal that his guilty plea was invalid. With respect to this claim, the conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) on July 10, 2010, ten days after the pronouncement of the judgment and sentence.

Thus, for Petitioner, the one-year limitations period prescribed in 28 U.S.C. § 2244 began on July 11, 2010, and expired one year later, on July 11, 2011, absent the application of statutory or equitable tolling exceptions.

The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Petitioner's post-conviction application filed June 24, 2011, tolled the running of the limitations period from June 24, 2011 to June 21, 2012, the date on which the OCCA affirmed the district court's denial of his post-conviction application. At the time the post-conviction application was filed, 348 days of the limitations period had past. When the statute of limitations resumed on June 22, 2012, the day after the OCCA's decision in Petitioner's post-conviction appeal,

only seventeen days of the limitations period remained. The limitations period expired on July 9, 2012.

The Petition is file-stamped as having been received by the Court on January 28, 2013. In the Petition, however, Petitioner declares that he placed a copy of the Petition in the prison mailing system on January 23, 2013, which is presumed to be the filing date of the Petition. Houston v. Lack, 487 U.S. 266, 276 (1988); Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005). Because the date of presumed filing of the instant Petition is not within the one-year limitations period, Petitioner's claim of an involuntary and unknowing plea is barred from judicial review unless the limitations period is equitably tolled.

The limitations period may be equitably tolled in extraordinary circumstances so long as the petitioner has diligently pursued his federal claims. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(one-year limitations period may be subjected to equitable tolling in limited circumstances such as incompetence or actual innocence).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978. Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - -

prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner asserts that he was unaware of the statute of limitations, his appellate counsel did not advise him of the statute of limitations, and therefore the Court should overlook the expiration of the limitations period. Petitioner's ignorance of the law is not a ground for extending the limitations period. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(ignorance of the law is not extraordinary circumstance). Additionally, habeas petitioners have no constitutional right to counsel. Hence, "'[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling' without more." Phillips v. Addison, 448 Fed. Appx. 817, 819 (10th Cir. 2011)(unpublished op.)(quoting Lawrence v. Florida, 549 U.S. 327, 336-337 (2007)).

Petitioner has not alleged "sufficiently egregious misconduct" by his attorney that might justify the equitable tolling of the limitations period. Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007). He simply alleges that his defense attorney failed to advise him of the AEDPA's filing restrictions. Because Petitioner has not shown extraordinary circumstances or due diligence, the issue of an involuntary and unknowing guilty plea asserted in ground one of the Petition is time-barred.

IV. Ineffective Assistance of Counsel

In his second ground for habeas relief, Petitioner asserts that he was denied effective assistance of counsel with respect to the termination hearing. Petitioner raised the same

ineffective assistance claim in his post-conviction appeal. The OCCA denied his ineffective

assistance claim on its merits. Consequently, the AEDPA governs review of this claim.

Under the AEDPA, a federal court cannot grant habeas relief unless the (1) state court

decision was "contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," or (2) "was based

on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d). The AEDPA directs courts to "ensure a level of

'deference to the determinations of state courts,' provided those determinations did not

conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor,

529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state

court either (1) reached a conclusion that contradicts governing Supreme Court precedent or

(2) reached a conclusion different from the Supreme Court on materially indistinguishable

facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of

Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the

facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005);

Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). Under this

deferential standard, "a federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S. 766, 773

(2010)(internal quotations and citation omitted).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted). See Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388 (2011)(federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

Petitioner asserts that his defense attorney provided constitutionally ineffective assistance because counsel failed to "mention the available disciplinary sanctions or why [Petitioner] did not receive any sanctions including 'Inpatient Drug Program' to gain compliance" and did not argue that termination was not available under Oklahoma law for a participant with less than six months of active drug court participation. Petition, at 11.

Ineffective assistance claims are analyzed under the now-familiar two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). "First, [Petitioner] must show that counsel's performance was deficient." Id. at 687. To satisfy this prong, Petitioner must show that his attorney's performance "fell below an objective standard of reasonableness," or, in other words, that counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." Id. at 687, 688. There is a strong presumption that counsel acted reasonably, and counsel's performance will not be deemed deficient if it "might be considered sound trial strategy." Id. at 689.

With respect to the second prong of the analysis, Petitioner must show that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. "In making this determination, a court

hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695.

Applying Strickland's two part test, the OCCA found that in light of the record of Petitioner's repeated instances of noncompliance with the requirements of the Drug Court Program Petitioner had not shown that his defense attorney's performance was deficient or that any errors by counsel prejudiced Petitioner's defense. The partial transcript of the termination hearing provided by Respondent reflects that Petitioner's defense counsel presented Petitioner's own testimony that he needed inpatient treatment for his continuing drug abuse problems. However, the trial court determined that Petitioner should be terminated from the Drug Court Program because of his repeated rule violations and inability to comply with the Drug Court Program's rules despite repeated sanctions. The OCCA did not unreasonably apply the governing Strickland standard.

V.  State Law Error

In ground three of the Petition, Petitioner asserts that his procedural due process rights were violated because the state district court did not find that progressively increasing sanctions were insufficient to gain his compliance prior to terminating him from the Drug Court Program. Petitioner states that he raised this claim in his direct appeal.

Petitioner argued in his appeal that the trial court abused its discretion in terminating him from the Drug Court Program without first ordering him to inpatient drug abuse treatment "to treat his addiction." Response, Ex. 2, at 12. Although Petitioner asserted that the trial court's discretion was "subject to the statutory provisions of [Oklahoma's] Drug

Court Act and to the constitutional due process liberty interests and rights" of Petitioner, id.,
Petitioner's argument was based entirely on state law grounds.

It is well established that the federal writ of habeas corpus reaches only convictions
obtained in violation of the United States Constitution, laws, or treaties. *E.g.*, Mabry v.
Johnson, 467 U.S. 504, 507(1984); Pulley v. Harris, 465 U.S. 37, 41(1984); Smith v. Phillips,
455 U.S. 209, 221(1982); Brinlee v. Crisp, 608 F.2d 839, 843(10th Cir. 1979). In this regard,
the Supreme Court has stated that "[f]ederal courts have no supervisory authority over state
judicial proceedings and may intervene only to correct wrongs of constitutional dimension."
Smith, 455 U.S. at 221. Petitioner has not alleged, and the record fails to show, that the state
court error of which Petitioner complains "'deprived him of fundamental rights guaranteed
by the Constitution of the United States.'" Jackson v. Shanks, 143 F.3d 1313, 1317(10th Cir.
1998)(quoting Brinlee, 608 F.2d at 843).

Petitioner conceded in his state court appeal that he repeatedly failed to comply with
the rules of the Drug Court Program and that he continued to violate the Drug Court
Program's rules after being repeatedly sanctioned by the drug court. He does not now
dispute those statements. In Oklahoma, a drug court termination will be upheld if the
evidence establishes by a "preponderance of the evidence" that the defendant violated the
terms of the drug court agreement. Hagar v. State, 990 P.2d 894, 898 (Okla. Crim. App.
1999). There was certainly a "preponderance of the evidence" presented in the state court
to support the termination of Petitioner from the Drug Court Program, and Petitioner had no
due process right to inpatient drug abuse treatment prior to his termination from the Drug

Court Program.

A hearing was conducted concerning the issue of whether Petitioner should be terminated from the Drug Court Program, and Petitioner, who was represented by counsel, testified in his defense. "[A] mere error of state law," like the one alleged by Petitioner, "is not a denial of due process." Engle v. Isaac, 456 U.S. 107, 121, n. 21 (1982)(internal quotation marks omitted). Petitioner has not shown that the drug court termination proceeding deprived him of fundamental rights, or that the OCCA's decision was contrary to or unreasonably applied Supreme Court jurisprudence.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by _____November 7th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this __18th__ day of ___October___, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE